Argued June 9, affirmed June 30, 1965

## ANDREWS EQUIPMENT SERVICE *v.* R. A. HEINTZ CONSTRUCTION CO.

403 P. 2d 774

*Leo Levenson,* Portland, argued the cause for appellant. With him on the brief were Kobin & Meyer, Portland.

*Eugene E. Feltz,* Portland, argued the cause for respondent. On the brief were Casey, Palmer & Feltz, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

PER CURIAM.

Plaintiff, an equipment-rental firm, brought action against defendant, a heavy-construction firm, to recover rentals alleged to be due for equipment used by defendant in its work. Jury was waived, and the trial judge found for the plaintiff. Defendant appeals.

■ The issue in the case was whether the agreement between the parties was a rental agreement or a lease-option-to-purchase agreement. Since the agreement was not reduced to writing, its nature was a question of fact for the trier to determine from parol evidence. Plaintiff's witnesses testified that the agreement was strictly one of rental. Defendant's witnesses testified to the contrary. The decision turned upon which set of witnesses the trier believed.

■ Defendant seeks to escape the obvious consequences of the trier's decision in a case of this kind by arguing that the trier ignored a usage of the trade. The supposed usage of the trade is said to be one that converts rental agreements into lease-option agreements in certain situations when the term of the rental period extends over a sufficient length of time to make the purchase of the equipment an economically desirable bargain from the point of view of both parties.

There was evidence that heavy construction equipment is frequently dealt with in the manner which defendant says is a usage. There was also evidence that heavy construction equipment is frequently leased or rented without any option to purchase. The existence and applicability to this case of the supposed usage were fact questions, just as was the ultimate question of the intent of the parties.

Affirmed.